JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Aponte, Devin

**DEFENDANTS**
Philadelphia Pharmacy

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael A. Bowman, Esquire ID# 81762
Bowman & Partners, LLP 1600 Market Street, 25th Floor
Philadelphia, PA 19103; (215)391-4300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e, et seq.
Brief description of cause:
Gender discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 5/13/14

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEVIN APONTE<br>223 W. Indiana Avenue<br>Philadelphia, PA 19133<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>PHILADELPHIA PHARMACY<br>101 E. Lehigh Avenue<br>Philadelphia, PA 19125<br><br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:  CIVIL ACTION NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Devin Aponte, by and through his undersigned counsel, files this Complaint and hereby avers as follows:

### I.     INTRODUCTION

1.     This is a civil action seeking compensatory, punitive and non-pecuniary damages based on gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

### II.    PARTIES

2.     Plaintiff Devin Aponte (hereinafter referred to as "Plaintiff") is a male adult individual who resides at 223 W. Indiana Avenue Philadelphia, PA 19133. Plaintiff is a former employee of Philadelphia Pharmacy

3.     Upon information and belief, Defendant Philadelphia Pharmacy (hereinafter referred to as "Defendant") is a Pennsylvania corporation with the following headquarters: 101 E. Lehigh Avenue Philadelphia, PA 19125.

### III. JURISDICTION

4. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

5. This action has been instituted within ninety (90) days of Plaintiff's receipt of the March 31, 2014 Equal Employment Opportunity Commission's (EEOC) Dismissal Notice and Right to Sue Letters regarding her timely-filed charges of employment discrimination against Defendant. (See Exhibit A.)

### IV. VENUE

6. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) because the Defendant is located in and conducts business in this judicial district and because the overwhelmingly majority of relevant facts took place in this judicial district.

### V. FACTS GIVING RISE TO THE ACTION

#### A. Complainant Begins His Employment with Philadelphia Pharmacy.

7. At all times material hereto, Respondent employed four or more persons.

8. Complainant began his employment with Respondent on February 9, 2013 as a Pharmacy Technician.

9. Complainant was qualified for the position of Pharmacy Technician because he performed his duties in a competent manner.

10. During his employment, Complainant was supervised by co-owners and pharmacists, Wilson Pagan ("Mr. Pagan") and Richard Ost ("Mr. Ost"), as well as the following female managers: Nilda Garcia ("Ms. Garcia) and Rosa Martinez ("Ms. Martinez").

11. As a Pharmacy Technician, Complainant's responsibilities included preparing medications for processing and general maintenance of the pharmacy area.

12. Mr. Pagan instructed Complainant to seek guidance from Ms. Martinez in the instance he needed assistance with performing his job duties, specifically computer data entry; however Ms. Martinez was generally unavailable to assist Complainant. Complainant informed Mr. Pagan of Ms. Martinez's general unavailability and Mr. Pagan stated that he would assign another staff person to assist Complainant.

**B. Complainant is Given a Written Warning.**

13. On or about April 10, 2013, Complainant was disciplined by Respondent, through Mr. Ost, for failing to properly process a drug prescription.

14. Mr. Ost required that Complainant sign a written warning stating that should the same incident occur, Complainant would then be subject to potential termination. Although Complainant signed this warning, he was never given a copy of this paperwork.

15. This is the first instance where Complainant was disciplined, formally or informally, by Respondent.

**C. Respondent Promises to Pay for Complainant's Pharmacy Technician Certification.**

16. During this same conversation, Mr. Ost spoke to Complainant about completing a Pharmacy Technician Certification and Course, which would be paid for by Respondent. Mr. Ost stated that he would also provide Complainant with his previously-used course materials.

17. Additionally, Mr. Ost stated that upon Complainant's successful completion of the course, Respondent would pay Complainant $1,000.00 as a bonus.

**D. Respondent Lodges False Accusations Against Complainant, Suspends Complainant and Subsequently Terminates His Employment.**

18. On April 15, 2013, while working at Philadelphia Pharmacy and in the presence of customers, Complainant was approached by officers (in plain clothes) of the Pennsylvania State Police based on allegations that Complainant had stolen controlled medicine.

19. The body of Complainant was searched in the presence of Mr. Pagan.

20. Complainant was then removed by the officers of the Pennsylvania State Police and taken in for questioning.

21. Respondent also accused Jordan Mendez, a male, of stealing controlled medicine causing Mr. Mendez to be questioned by the Pennsylvania State Police.

22. Complainant was told by the officers that he and Mr. Mendez were being questioned because they were the last employees to be hired, although a female Pharmacy Technician, Angela Morales, was hired a few days after Complainant.

23. No female employees, including Ms. Morales, were questioned by the Pennsylvania State Police in relation to the missing controlled medicine.

24. Although Respondent maintains a security system including surveillance cameras in the areas where the controlled substances are kept, Respondent falsely accused Complainant and Mr. Mendez.

25. Upon Complainant's release by the officers, he called Mr. Pagan who then notified Complainant that he was suspended until the completion of the investigation.

26. Complainant was officially suspended for two days until he was asked to attend a meeting by Respondent on April 18, 2013.

27. Those who attended the meeting on April 18, 2013 were Complainant, Mr. Ost and Louis, a delivery driver for Respondent. Complainant is unaware as to why Louis attended the meeting.

28. During this meeting, Respondent, through Mr. Ost, stated that it was terminating Complainant's employment for the following reasons:

   a. A customer complained that Complaint used profanity in front of him/her.

   b. Complainant was away from the pharmacy area without the approval of his supervisor twice.

29. Complainant was never disciplined or spoken to regarding the alleged reasons for his termination prior to the April 18, 2013 meeting.

30. Respondent refused to allow Complainant to respond to these accusations.

31. Respondent failed to give Complainant any documentation relating to his termination.

E. **The Conduct of Female Employees at Philadelphia Pharmacy.**

32. The majority of Pharmacy Technicians at Philadelphia Pharmacy are female.

   **1. Angela Morales.**

33. Angela Morales ("Ms. Morales") was hired as a Pharmacy Technician (the same position as Complainant) at Philadelphia Pharmacy soon after Complainant was hired.

34. Both Complainant and Ms. Morales were trained together.

35. Both Complainant and Ms. Morales were supervised by the same manager and co-owners.

36. Both Complainant and Ms. Morales worked full-time in their positions with similar scheduled.

37. Both Complainant and Ms. Morales had access to controlled medicine as this was a part of their job duties.

38. Regardless of Ms. Morales' access to the controlled medicine, Ms. Morales was not questioned regarding the alleged missing controlled medicine by Respondent or the Pennsylvania State Police.

39. On numerous occasions, Ms. Morales was away from the pharmacy area during her working hours, causing supervisors such as Ms. Martinez to inquire to Complainant regarding her whereabouts, of which Complainant was usually unaware.

40. Ms. Morales was never disciplined by Respondent for her failure to remain in the pharmacy area without the permission of her supervisors.

### 2. Rosa Martinez.

41. On numerous occasions, and in the presence of Mr. Pagan and Mr. Ost, Ms. Martinez was heard using profanity in front of customers.

42. On numerous occasions, and in the presence of Mr. Pagan and Mr. Ost, Ms. Martinez was seen and heard speaking loudly during personal telephone conversations in front of customers.

43. Ms. Martinez was never disciplined by Respondent for these actions.

### COUNT I -
### TITLE VII - GENDER DISCRIMINATION

44. Complainant incorporates as if fully set forth herein paragraphs 1-43 above.

45. Complainant is a member of a protected class as he is a male.

46. Complainant was qualified for the position of Pharmacy Technician.

47. The Respondent targeted Complainant as the perpetrator associated with the missing controlled medicine because of his status as a male.

48. The Respondent disciplined Complainant in a harsher manner than his female counterpart because of his status as a male.

49. The Respondent disciplined Complainant in a manner in which Respondent did not discipline other employees because of his status as a male.

50. The Respondent terminated Complainant because of his status as a male.

51. As a result of Respondent's discriminatory conduct, Complainant has suffered embarrassment, humiliation and damage to his reputation.

52. As a result of Respondent's discriminatory conduct, Complainant suffered from sleep loss and anxiety causing an emotional strain on his family life.

53. As a result of Respondent's discriminatory conduct, Complainant sought the assistance of a therapist, but was unable to continue to attend sessions because of the financial obligation given his lack of medical insurance.

**WHEREFORE**, Plaintiff Devin Aponte, by and through his undersigned counsel, demands judgment in his favor and against Defendant and an award of the following:

a. back pay and front pay, including benefits with prejudgment interest;

b. compensatory damages, consequential damages and punitive damages;

c. non-pecuniary damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

d. attorneys fees and costs; and

e. any other relief this Honorable Court deems appropriate under the circumstances.

**COUNT II -**
**VIOLATIONS OF Pennsylvania Human Rights Act, 43 P.S. §951**

54. Plaintiff incorporates paragraphs 1 - 53 as if fully set forth herein.

55. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Pennsylvania Human Rights Act.

56. In discriminating against Plaintiff because of his gender and because of Plaintiff's complaints about gender discrimination, and terminating Plaintiff, Defendant violated the Pennsylvania Human Rights Act.

57. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered economic loss, including, but not limited to, loss of earnings, future loss of earnings, loss of earning potential, and loss of benefits.

58. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered emotional injuries, including, but not limited to, past and present pain and suffering, anxiety and humiliation.

59. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has suffered professional injuries, including, but not limited to, professional development, loss of potential promotions and damage to his professional reputation.

**WHEREFORE**, Plaintiff Devin Aponte, by and through his undersigned counsel, demands judgment in his favor and against Defendant and an award of the following:

a. back pay and front pay, including benefits with prejudgment interest;

b. compensatory damages, consequential damages and punitive damages;

c. non-pecuniary damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation;

d. attorneys fees and costs; and

e. any other relief this Honorable Court deems appropriate under the circumstances.

## JURY DEMAND

Plaintiff Devin Aponte hereby demands trial by jury.

Respectfully submitted,

**BOWMAN & PARTNERS, LLP**

Dated:  April 29, 2014						By: _____
**MICHAEL A. BOWMAN**
PA Identification No.: 81762
**CRYSTAL M. LACEY**
PA Identification No.: 307134
1600 Market Street, 25th Floor
Philadelphia, PA  19103
215-391-4300 phone
215-391-4350 facsimile

# EXHIBIT A

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Devin M. Aponte<br>223 W. Indiana Avenue<br>Philadelphia, PA 19133 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2013-61022 | P M. Lucas,<br>Investigator | (215) 440-2652 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     March 31, 2014
Spencer H. Lewis, Jr.,     *(Date Mailed)*
District Director

Enclosures(s)

cc:    PHILADELPHIA PHARMACY      Michael Bowman, Atty.
                                                                        Bowman & Partners LLP
                                                                        1600 Market Street, 25th Floor
      Lorena Ahumada, Atty.                  Philadelphia, PA 19103
      Kleinbard Bell & Brecker LLP
      1650 Market Street, 46th Floor
      Philadelphia, PA 19103

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Devin Aponte | : | CIVIL ACTION |
| v. | : | |
| Philadelphia Pharmacy | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( x )

| 5/13/2014 | Michael A. Bowman | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4300 | 215-391-4350 | mbowman@bowmanltd.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 223 W. Indiana Avenue, Philadelphia, PA 19133

Address of Defendant: 100 E. Lehigh Avenue, Philadelphia, PA 19125

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Michael A. Bowman, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/13/2014    _____[signature]_____    81762
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/13/2014    _____[signature]_____    81762
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Devin Aponte          :
                      :
     V.               :            Civil Action
Philadelphia Pharmacy :            No: _____
                      :

DISCLOSURE STATEMENT FORM

Please check one box:

☐     The nongovernmental corporate party, _____, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐     The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

5/13/14                                     [signature]
Date                                        Signature

             Counsel for: _____

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
    (a)   WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
        (1)   identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or

        (2)   states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
        (1)   file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
        (2)   promptly file a supplemental statement if any required information changes.